**David HENDERSON, Appellant,**

v.

**H. VANDERWAL, Appellee.**

**No. 6820.**

Court of Civil Appeals of Texas.

Beaumont.

May 12, 1966.

Rehearing Denied June 8, 1966.

Ramsey, Ramsey & Smith, San Augustine, and Addington & McGraw, Jasper, for appellant.

Earl B. Stover, Silsbee, for appellee.

STEPHENSON, Justice.

This is an action for damages sought by plaintiff by reason of slander to his person and his property. Trial was by jury and judgment was rendered for plaintiff based upon the findings by the jury. The parties will be designated here as they were in the trial court.

Plaintiff, H. Vanderwal, alleged: That in the year 1952 he entered into a rental agreement with defendant David Henderson to lease certain property in Jasper County, Texas, so that plaintiff could engage in the business of raising dairy cattle and the marketing of dairy products. That plaintiff carried on such business from 1952 until October 8, 1960, the date of a cattle auction out of which this controversy arose. That plaintiff's petition contained this allegation:

> "In the year September or early October, 1960, plaintiff secured the permission of Mr. Weldon Smith, manager of the Jasper Production Credit Association, which held a mortgage on plaintiff's

dairy cattle to sell his herd and pay off said mortgage from the proceeds of the planned sale. This was the only mortgage on said dairy cattle."

Plaintiff further alleged: That the auction firm widely advertised the sale through various media and numerous persons gathered at the time and place of the sale. That a short time before the sale was to begin defendant arrived and loudly proclaimed: "I've got a mortgage on these cattle for $1,050.00 and not one can be sold before I get my cash." That the sale was thrown into confusion, some few buyers remained and the sale finally resulted in a herd of cattle worth $16,000.00 being sold for $8,174.50. That plaintiff did not owe defendant $1,050.00, defendant did not have a mortgage on the cattle and had no authority to stop the sale. That defendant made the statement maliciously and plaintiff was entitled to $10,000.00 exemplary damages. Defendant answered that all statements made by him were either literally true or substantially so and that the truth of such matter was a complete defense to this cause of action.

The jury found: That there was no chattel mortgage in existence on the date of the sale. That the statements made by defendant concerning a chattel mortgage were false. That the statements were made by defendant with actual malice. That such statements were the proximate natural and reasonable cause of any diminution in value to plaintiff's dairy herd. That the herd had diminished $2,800.00 in value. That defendant in speaking the words did not do so in a good faith effort to protect his rights, which he believed he had in the cattle. That the amount of exemplary damages was none. Judgment was rendered for plaintiff in the amount of $2,800.00.

■ Even though the jury found there was no chattel mortgage in existence on the day of the auction sale, there is no evidence in the record to support this finding. The record shows conclusively that plaintiff borrowed money from the Jasper Production Credit Association and executed a chattel mortgage upon his dairy herd to secure the payment of such loan. The record further shows that such chattel mortgage was still in existence on the day of the sale. As shown in this opinion above, plaintiff alleged that such mortgage existed and that he had secured permission from Jasper Production Credit Association to make the sale. The record also shows, without dispute, that defendant made a written guarantee of such loan to the extent of $4,000.00. This agreement made defendant legally responsible for the payment of plaintiff's obligation to Jasper Production Credit Association if plaintiff defaulted in payment.

■ The only serious disagreement in the testimony was as to whether defendant made the statement that *he had a mortgage* on the dairy herd, or whether he made the statement that *there was a mortgage* upon the dairy herd. In either event, such statement was substantially true. Even though the mortgage was not held directly by defendant, a mortgage existed and defendant was legally responsible for the payment of the note it secured in the event of default. The record is also controverted as to the number of people who left before the auction began, but it is agreed that defendant and the auctioneer both made the public statement that the matter of the mortgage had been taken care of and that the auction could proceed. The record also shows the money received at the auction was turned over to the Jasper Production Credit Association for disbursal and that $1,012.15 was deducted as the balance due on loan. Apparently no complaint was made by plaintiff as to the amount of money withheld for such purpose.

We hold that as a matter of law defendant was permitted to make the statement made, regardless of whether plaintiff's or defendant's version is true. The legal right to make such a statement is a complete defense to the plaintiff's cause of action.

Reversed and Rendered.